IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| THOMAS GOSIER, #87985-020, | ) |
| Petitioner, | ) Civil Action No. 3:09-931-JFA-JRM |
| v. | ) **REPORT AND RECOMMENDATION** |
| MARY M. MITCHELL, WARDEN[1], | ) |
| Respondent. | ) |

Petitioner, Thomas Gosier ("Gosier") is an inmate at FCI-Edgefield serving a sentence of 180 months imprisonment for conspiracy to possess crack cocaine with the intent to distribute, imposed in the Middle District of Georgia. He filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 14, 2009. Respondent filed a "Motion to Dismiss, or in the Alternative, for, Summary Judgment" on July 2, 2009. Because Gosier is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on July 6, 2009, advising him of his responsibility to respond to the Respondent's motion. Gosier filed a response on September 2, 2009.

Gosier alleges that the Presentence Investigation report ("PSI") which was prepared by the

---

[1] John J. LaManna retired from the Bureau of Prisons and as such, Warden Mary M. Mitchell has been substituted as the Respondent.

1

United States Probation Office ("USPO") in connection with this sentencing contains inaccurate information which BOP uses in making decisions about the conditions of his confinement, i.e., "status, programatic, and penal determinations." (Petition, p. 1). He alleges that BOP and USPO have violated his right to due process because they have failed to correct the misinformation. He seeks relief under the Privacy Act, 5 U.S.C. § 552a, as well as under § 2241.

Respondent asserts that this Court does not have subject matter jurisdiction because § 2241 is not a proper vehicle to challenge Gosier's custody classification or to correct inaccuracies in the PSI. Respondent further argues that BOP's Inmate Central File System is exempt from the Privacy Act.

The portion of the PSI about which Gosier complains is attached to Respondent's motion. It shows a conviction for criminal damage to property in the second degree in 2000 from Brooks County, Georgia. The PSI reflects that the indictment stated that Gosier and another individual fired a shotgun through the rear window of the victim's vehicle. Gosier asserts that he did not admit to firing a shotgun and his guilty plea was not based on this conduct.

Due Process forbids reliance on materially false or unreliable information in imposing sentence. Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). Rule 32, Fed. R. Crim. P., provides a framework for the preparation and use of a PSI. The defendant is entitled to a copy of the PSI in advance of sentencing, and he has the right to file objections. The sentencing court must rule on controverted matters. Rule 32(i)(3)(B). Finally, the court "must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons." (Rule 32(i)(3)(C)).

There is nothing in the record to indicate that Gosier challenged this portion of the PSI at

sentencing. Instead, Gosier appears to have begun to challenge this portion of the PSI when BOP administratively classified him.

BOP Program Statement 5800.11, <u>Inmate Central File, Privacy Folder, and Parole Mini-Files</u>, a copy of the relevant portion which is attached to Respondent's motion, provides a framework for BOP to use when an inmate challenges information in his file. It states:

> c. <u>Inmate Challenge to Information</u>. An inmate may challenge the accuracy of the information in his or her Inmate Central File. Unit team staff shall take reasonable steps to ensure the accuracy of challenged information, particularly when that information is capable of being verified. The inmate is required to provide staff with sufficient information in support of a challenge (names of persons to contact, government agency, etc....)
>
> When an inmate provides such information, staff shall review the alleged error(s) and take reasonable steps to ensure the information is correct.
>
> For example, if an inmate challenges information in the Presentence Investigation Report (PSI), staff should inform the appropriate U.S. Probation Office (USPO) in writing of the disputed information, and request that a written response also be provided. **USPO procedures, however, do not allow for changes or addendums to be made to the Presentence Investigation Report after sentencing since it is a court document.**
>
> If the USPO subsequently reports that the challenged information, or some part thereof is not accurate, staff shall attach the Bureau's inquiry and the USPO response to the challenged document. Staff shall file this information in the applicable section of the Inmate Central File, and also make notation on the Inmate Activity Record form (BP-381) to ensure that future decisions affecting the inmate are not based on the discredited information.
>
> When the USPO verifies that the information in the PSI is indeed inaccurate, as claimed by the inmate, staff should subsequently review, and where indicated, correct Bureau generated reports or data such as the Inmate Load and Security Designation form (BP-337), the Custody Classification form (BP-388), Progress Report, and any other reports that may have been based on the PSI. Bureau reports, data, or SENTRY transactions should be corrected within a reasonable period of time after identification as being inaccurate.

The record shows that BOP followed its policy. On December 9, 2008, Gosier's case

3

manager wrote USPO and asked for a review as to whether or not the state conviction involved serious violence. (Res.Mem., Ex. 4). USPO responded that "although the conduct described in the [PSI] was not fully addressed during Mr. Gosier's sentencing hearing in state court, and regardless of what he admitted during his plea negotiations, the conduct described in the [PSI] was extracted directly from the indictment handed down in that particular case." (Res.Mem., Ex. 5). Based on this response, BOP did not change Gosier's custody classification.

**1. Habeas**

Gosier brought this action using the standard form for seeking habeas relief under U.S.C. § 2241. Respondent argues that his claim is not cognizable in a habeas action.

The Fourth Circuit touched on circumstances under which federal prisoners may bring a habeas action in In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). "Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255...When, however, § 2255 proves 'inadequate or ineffective to test the legality of...detention,' a federal prisoner may seek a writ of habeas corpus pursuant to 28 U.S.C.A. § 2241". In a footnote the court explained that "attacks on the execution of a sentence are properly raised in a § 2241 petition." *Id*, n. 5.

"The precise meaning of 'execution of a sentence' is hazy." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005). The Fourth Circuit has yet to offer specific guidance. Courts routinely find jurisdiction in the obvious case where a federal prisoner challenges BOP's computation of his sentence and release date by a § 2241 petition. On the other hand courts reject § 2241 petitions for lack of jurisdiction in cases where a federal prisoner challenges the conditions of his confinement including transfer from one facility to another. Some courts have held that if a

4

federal prisoner is seeking what can fairly be described a "quantum change in the level of custody" a § 2241 petition is appropriate. *See e.g.* Bunn v. Conley, 309 F.3d 1002, 1007 (7th Cir. 2002). In Paschal v. Bauknecht, 2007 WL 4568979 (D.S.C. ), Judge Anderson specifically rejected BOP's argument that the Court did not have jurisdiction to consider a § 2241 petition where the prisoner challenged BOP's denial of placing him in a halfway house. Many courts have agreed, apparently concluding that a transfer from a BOP facility to a halfway house amounts to a quantum change in the level of custody.

The undersigned agrees with the court's analysis in Burnam v. Marberry, 2008 WL 4190785 (W.D.Pa. ). In that case a federal prisoner attempted to challenge BOP's determination of his custody and security classification based on its finding that the prisoner had a serious history of violence.[2] The finding was supported, in part, by a previous prison discipline code violation. The prisoner argued that the BOP staff member who issued the violation notice "mischaracterized the incident in question". *Id*, at * 4. The prisoner filed a § 2241 petition in an attempt to expunge the record of the violation, and thus lower his history of violence score. The court found:

> "At most, that would impact the security level of the penal institution at which he would be eligible to serve his term of imprisonment and to which he would be transferred. The length of the term of his sentence will not change even if this court rules in his favor. Moreover, there is no allegation or indication whatsoever that [Petitioner] would be eligible for community confinement in the event that he succeeded in the claims presented to this court. Accordingly, his claims do not amount to the challenge to the "execution" of his sentence and this court does not have subject matter jurisdiction under 28 U.S.C. § 2241."

The undersigned, therefore, concludes that this Court lacks jurisdiction of Gosier's petition.

**2. Privacy Act**.

---

[2]The prisoner's "history of violence", like his criminal history score is one of the factors used to determine his custody and security classification.

Gosier also appears to allege that BOP is in violation of the Privacy Act. Title 5, U.S.C. § 552a(e)(5) requires executive branch agencies to maintain records used in making determinations "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination [about the individual]..." Section 552a(d) allows individuals access to agency records about themselves to request the amendment of records "they believe to be inaccurate, irrelevant, untimely, or incomplete." Civil actions to enforce the provisions of the Privacy Act are authorized by § 552a(g).

Insofar as Gosier seeks his remedy under the Privacy Act his claim fails. Section § 552a(j) authorizes the heads of law enforcement agencies to exempt certain types of records from specified provisions of the Act. The Department of Justice has properly exempted BOP's Inmate Central Record System from the Privacy Act's amendment requirements. *See* 28 C.F.R. § 16.97 and White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C.Cir. 1998) (per curiam) and Brown v. Bureau of Prisons, 498 F.Supp.2d 298 (D.D.C. 2007) ("Because BOP regulations exempt the Inmate Central Records System from subsection (d) of the Privacy Act, Plaintiff cannot obtain the relief he seeks, that is, amendment of the PSR itself.").

## **Conclusion**

Based on a review of the record, it is recommended that Respondent's motion to dismiss or in the alternative for summary judgment be **granted** and the petition **dismissed**.

 _____
 Joseph R. McCrorey
 United States Magistrate Judge

January 26, 2010
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).